UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-22204-CIV-WILLIAMS/SIMONTON

LORALI, INC.,

    Plaintiff,

v.

SMK ASSOCIATES, LLC, *et al.*,

    Defendants.

_____/

### ORDER FOLLOWING DISCOVERY CONFERENCE

This matter is before the Court following an informal discovery conference. The Honorable Kathleen M. Williams, United States District Judge, has referred all discovery matters to the undersigned Magistrate Judge, ECF Nos. [16] [63]. The parties noticed this discovery hearing to resolve several discovery disputes noticed by the parties. ECF Nos. [88] [94]. At the discovery hearing held on May 30, 2014, the Court ruled on the parties' discovery disputes, stating the reasons for the rulings on the record. This Order sets forth the rulings and incorporates by reference the reasons stated at the hearing.

The first issue addressed at the hearing involved the de-designation of certain documents that Defendant classified as "confidential" pursuant to the parties' agreed protective order. ECF No. [67]. Plaintiff argued that the Court should remove the confidential designation from many of those documents because the Defendants had disclosed the documents to the public by filing them in a matter pending before the United States District Court for the Northern District of Illinois. As to the remaining documents designated as "confidential" that had not been disclosed In that case, Plaintiff argued that those documents should also be de-designated because they did not contain information that should be classified as confidential. Defendants argued that the Illinois

federal case is irrelevant to this matter and that the documents should remain confidential consistent with the non-circumvention agreement entered into by Plaintiff and Defendants. The Court finds that Defendants have waived the "confidential" designation under the existing protective order because there hasn't been an effort to maintain a document's confidentiality, as required by the protective order, for any document that has been publicly filed in the Illinois federal matter. The Court orders those documents de-designated as "confidential." For any document at issue that has not been publicly filed in the Illinois federal matter, Defendants shall file a "Memorandum in Support of Confidential Designation" on or before **June 13, 2014**, that specifically identifies each document as to which Defendants seek to maintain the "confidential" designation; and, include all arguments as to why each document should retain the confidential designation. Within 14 days thereafter, Plaintiff shall file a memorandum in response that describes all arguments against maintaining the confidential designation for each document identified in Defendants' memorandum. Defendants may file a reply within seven days thereafter. These memoranda shall be filed under seal. In the interim, the documents identified in Defendants' memorandum shall remain confidential. Any argument for or against confidentiality that is not contained in the parties' submissions will not be considered by the Court.

The next issue addressed at the hearing involved Plaintiff's First Request for Production No. 17, which sought production by Defendants of "All Full Corporate Offer"[1] agreements, nondisclosure agreements, and noncompetition agreements between

---

[1]Plaintiff's counsel acknowledged at the hearing that the Notice of Hearing contained a typographical error and Request No. 17 should contain the word "Offer" not "Officer."

**Defendant and any individual or entity from January 1, 2011 through July 31, 2012.  ECF No. [88] at 2.  Plaintiff argued that Defendants should produce all agreements that would establish that Defendants were in the business of supplying cigarettes to other entities because Defendants have represented in this case that its interactions with Plaintiff were consistent with "how it does business."  Plaintiff contends that the Defendant had no real cigarette business.  Defense counsel argued that the request seeks irrelevant information because there are no allegations in this case that Defendants committed a fraud.  He argued that Plaintiff has only alleged that Defendants failed to provide Plaintiff with cigarettes.  The Court finds that the requested information goes to Defendants' credibility regarding their business operations and therefore must be produced.  The request as written, however, is overbroad in that it seeks agreements unrelated to transactions similar to the one at issue in this case.  In addition, because of the sensitive business nature of those agreements, the Court finds they are entitled to additional protections.  Accordingly, the Court is limiting the Defendants' production to any agreements related to cigarette sales/purchases and brokering, including invoices, between January 1, 2011 through July 31, 2012.  Those documents shall be designated for attorneys' eyes only and must be produced on or before June 13, 2014.**

  **The next discovery dispute addressed at the hearing, Plaintiff's First Request to Produce Nos. 14-16, which sought all of Martin Borg's travel documents from January 2011 to July 2012 and a copy of his passport, was rendered moot by defense counsel's stipulation at the hearing.  Defendant stipulated that none of Defendants' corporate officers engaged in any travel related to the products at issue in this case except for two trips to Florida to meet with Plaintiff.**

The next issue addressed at the hearing involved Plaintiff's Second Request for Production Nos. 1-10, which sought the production of all the Defendants' corporate records, including Articles of Organization, minutes, by-laws, etc.  Plaintiff argued that Defendants only produced the documents that were available on the Illinois Secretary of State's website and otherwise indicated they did not have any documents to produce.  At the hearing, Plaintiff's counsel specified that she seeks the identity of any other members of the Defendant LLCs and any documents that Defendants have a legal right to obtain. Defense counsel argued that the request is nothing more than an attempt to conduct discovery in aid of execution, which is premature at this time.  Furthermore, he argued that his clients do not possess the documents requested by Plaintiff.  The Court finds Plaintiff's request well-taken and will order Defendants to identify all members of the Defendant LLCs to Plaintiff on or before **June 13, 2014**.  This is a diversity case and the Court must *sua sponte* determine that diversity exists from the outset of the case whether or not the parties have raised the issue of complete diversity.  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.,* 374 F.3d 1020, 1021-22 (11th Cir. 2004).  Furthermore, to the extent Defendants have a legal right to possess the requested documents, Defendants shall produce the corporate records requested by Plaintiff on or before **June 13, 2014**.  These documents are relevant to the allegations of counterclaims and are relevant to Plaintiff's attempt to explore the nature of Defendants' business.

The last issue addressed at the hearing involved whether Defendants should be compelled to respond to Plaintiff's Requests for Admission that were emailed to defense counsel eleven days before the May 13, 2014 discovery deadline.  Despite the presiding

district judge denying the parties' request to extend the discovery deadline, ECF No. [77], Plaintiff argued that the admissions mostly sought stipulations as to the authenticity of documents and to simplify the issues at trial, and should therefore be treated more like an evidentiary matter than a discovery issue.  Defendants disagreed and argued that the requests were untimely because they were not served more than thirty days prior to the discovery deadline.  The Court agrees with Defendants and finds the Plaintiff's Request for Admissions untimely.  In this District, requests for admissions are subject to the same rules as discovery requests.  The Local Rules for the Southern District require a party to serve written discovery requests so that responses are due prior to the discovery deadline.  S.D. Fla. L.R. 26.1(f)("Written discovery requests and subpoenas seeking the production of documents must be served in sufficient time that the response is due on or before the discovery cutoff date.").  The Court will, however, require the parties to meet and confer and stipulate to the facts and authenticity of documents identified in those requests to admit to the maximum extent possible.  This ruling merely expedites the meeting required by the Local Rules in preparation for trial.  S.D. Fla. L. R. 16.1(d)(3).  Accordingly, the parties shall meet and confer on that issue by **June 30, 2014**.

      **DONE AND ORDERED** in Miami, Florida, on May 30, 2014.

                                              *Andrea M. Simonton*
                                          **ANDREA M. SIMONTON**
                                          **UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:**
      **The Honorable Kathleen M. Williams**
      **Counsel of Record**